In the Matter of the Application of EMANUEL L. STAMMER, Petitioner, for an Order of Certiorari Pursuant to Article 78 of the Civil Practice Act, against THE BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK and the MEDICAL GRIEVANCE COMMITTEE, Respondents.

Third Department, July 2, 1941.

*Sidney Paymer*, for the petitioner.

*John J. Bennett, Jr., Attorney-General [Bernard Bienstock, Assistant Attorney-General*, of counsel], for the respondents.

PER CURIAM. Petitioner was licensed to practice medicine in New York State on September 19, 1919. He is now charged with violations of paragraphs (a) and (d) of subdivision 2 of section 1264 of the Education Law, which provide, among other things, that a physician's license to practice may be suspended if he is

guilty of fraud and deceit in the practice of medicine or that he undertook to cure or treat a disease by a secret formula.

One Gladys Brower was suffering from a very bad cancer on the side of her face. The photographs show that it had advanced to immense size and nearly covered one side of her face. She had received both radium and surgical treatments without avail and her family had been told that there was no hope for her, and that she would live but a short time.

Petitioner had a patient named Blakeney who had told him that he had a formula that was used in the treatment of cancer. A friend of Mrs. Brower heard about Blakeney and this treatment and went to see him. Blakeney had given this formula to petitioner who was familiar with its ingredients and knew that some of them were used in treatment of cancers of this type. Petitioner also applied the treatment to portions of his own body to make certain that there would be no ill effects from it when applied to healthy tissue. Petitioner was consulted and he examined Mrs. Brower. The patient was informed that the treatment might do some good and that it could not do any harm and consented to its use. The treatment was thus applied under petitioner's directions and in due time a complete cure was effected. Blakeney was present at some of the treatments but took no part therein. The cancerous growth disappeared entirely, the sore was completely healed and there has been no reappearance. Petitioner never submitted a bill and has never received any pay whatsoever for his services, although he made something over a hundred calls. He testified that if the formula proved satisfactory he intended to write the case up for the medical profession, that the treatment was an experiment on his part and that both he and the patient knew that. He gave the contents of the formula and made no effort to conceal the same.

At least one member of the subcommittee which conducted the hearing evidenced a wholly unfair and partial attitude. This subcommittee had the duty to conduct the hearing and weigh the testimony in a manner that should have been at least quasi-judicial. Such attitude was entirely lacking in at least the one member. This doctor effected a cure when the so-called orthodox methods of treatment had failed and now he has been punished for it. It is not fraud or deceit for one already skilled in the medical art, with the consent of the patient, to attempt new methods when all other known methods of treatment had proved futile and least of all when the patient's very life has been despaired of. Initiative and originality should not be thus effectively stifled, especially when undertaken with the patient's full knowledge and

consent, and as a last resort. Under these circumstances we fail to find fraud or deceit on the part of petitioner or that he undertook to treat or cure disease by a secret treatment and the determination is against the weight of the evidence.

The determination should be annulled and the matter remitted.

HILL, P. J., BLISS and HEFFERNAN, JJ., concur; CRAPSER and FOSTER, JJ., dissent and vote to affirm. The evidence is sufficient upon petitioner's own admission to at least sustain a finding that he undertook to treat the patient with a secret medicine within the meaning of and in violation of the statute.

Determination annulled on the law and facts, with fifty dollars costs, and matter remitted.